IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01748-STV

KYLE RASCH,

    Plaintiff,

v.

CHARLES J. FOX, M.D., and
YAMPA VALLEY MEDICAL CENTER, D/B/A UCHEALTH YAMPA VALLEY MEDICAL CENTER,

    Defendants.
_____

## ORDER
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendant UCHealth Yampa Valley Medical Center's Partial Motion for Summary Judgment ( the "Motion") [#80]. The Motion is before the Court on the parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [## 27, 31] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **DENIED**.

I.     **FACTUAL BACKGROUND**[1]

On July 19, 2020, Plaintiff Kyle Rasch presented to Defendant UCHealth Yampa Valley Medical Center ("YVMC") for medical care. [#94-5, SOF16]  Plaintiff ultimately underwent an appendectomy, and on July 31, 2020, he presented to University of Colorado Hospital for complications from his surgery. [*Id.*, SOF17-18]

University of Colorado Health ("UCHealth")—a 501(c)(3) nonprofit company—performs the billing services for medical care rendered to patients at both Defendant YVMC and University of Colorado Hospital. [*Id.*, SOF1, 3, 5] UCHealth maintains a single financial assistance policy (the "Financial Assistance Policy") for uninsured and underinsured patients, and this policy establishes that patients eligible for financial assistance receive a discount on gross charges for the care they receive at UCHealth facilities, including Defendant YVMC and University of Colorado Hospital. [*Id.*, SOF 7-9]

On December 8, 2021 Plaintiff submitted an application, pursuant to the Financial Assistance Policy, to reduce his personal obligation for medical bills.[2] [*Id*, SOF19-20]  On December 15, 2021, UCHealth granted Plaintiff's application and applied a 34% discount for the medical care rendered to Plaintiff at Defendant YVMC and a 72% discount for the care rendered at University of Colorado Hospital. [*Id.*, SOF22-24]  The discounts Plaintiff received through the Financial Assistance Policy totaled $193,292.47. [*Id.*, SOF26]

---

[1] The undisputed facts are drawn from the Separate Statement of Facts filed with Plaintiff's reply brief. [#94-5] The Court refers to the sequentially numbered facts set forth in the Separate Statement of Facts associated with the Motion as "SOF#." The Court periodically cites directly to the exhibits cited by the parties to provide additional context. Disputed facts are identified as such.

[2] While the parties do not dispute that Plaintiff applied for financial assistance, Plaintiff disputes Defendant's representation that the financial assistance was charitable in nature. [*Id.*, SOF 19]

Plaintiff initiated this action on July 15, 2022, asserting several claims for relief against Defendants Charles J. Fox, M.D and YVMC, including: (1) medical negligence, (2) vicarious liability, (3) respondeat superior liability and (4) corporate negligence. [#1] Defendant YVMC filed their Partial Motion for Summary Judgment on May 23, 2024, seeking a determination that Plaintiff may not recover medical expenses waived through UCHealth's Financial Assistance Program. [#80] Plaintiff filed a response and Defendant replied. [## 86, 94[3]]

## II. STANDARD OF REVIEW

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter–Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact, which the movant may do "simply by pointing out to the court a lack of evidence . . . on an essential element of the nonmovant's claim" when the movant does not bear the burden of persuasion at trial. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). If the moving party bears the burden of proof at trial, "the moving party must establish, as a matter of law, all essential elements of the [claim or affirmative defense on which summary judgment is sought] before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). In other words, the moving party "must

---

[3] Defendant YVMC filed two reply briefs. [## 92, 94] The Court considers the later-filed version, for purposes of resolving the Motion.

support its motion with credible evidence showing that, if uncontroverted, the moving party would be entitled to a directed verdict." *Rodell v. Objective Interface Sys., Inc.*, No. 14-CV-01667-MSK-MJW, 2015 WL 5728770, at *3 (D. Colo. Sept. 30, 2015) (citing *Celotex Corp.*, 477 U.S. at 331). If the movant carries its initial burden, the burden then shifts to the nonmovant "to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial." *Adler*, 144 F.3d at 671 (quotation omitted).

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury. *See Anderson*, 477 U.S. at 248–49; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). Evidence, including testimony, offered in support of or in opposition to a motion for summary judgment must be based on more than mere speculation, conjecture, or surmise. *Bones v. Honeywell Int'l Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### III. ANALYSIS

In Defendant's Motion, rather than attempting to assert the absence of evidence to support a particular claim, Defendant appears to seek a ruling which would set a cap on damages for medical expenses that Plaintiff could expect to obtain at trial. Specifically, Defendant YVMC seeks a determination that Plaintiff may not recover medical expenses waived through UCHealth's Financial Assistance Program. [#80] But application of the collateral source rule as it pertains to a damage reduction is contingent upon the jury first awarding a verdict in favor of Plaintiff. As another court in this district has explained, "Colorado's collateral source rule specifically provides for the reduction of certain amounts by the Court *after* a jury verdict is awarded." *Walters v. Encompass Ins. Co.*, No. 06–cv–01688–LTB–KLM, 2007 WL 3090766, at *3 (D. Colo. Oct. 18, 2007) (emphasis in original) (citing Colo. Rev. Stat. § 13–21–111.6). For this reason, courts in this district have rejected making a determination of law related to the applicability of Colorado's collateral source rule and its "contract exception" prior to a jury verdict.[4] *Walters,* 2007 WL 3090766, at *3; *Krauss v. Beach*, No. 07-cv-02115-KLM-MJW, 2008 WL 4371939, at *2 (D. Colo. Sept. 23, 2008) (denying motion for summary judgment which sought a ruling on the application of the collateral source rule); *see also Black v. Hieb Enters.*, Inc., 805 F.2d 360, 362–63 (10th Cir.1986) ("It [is] the jury's function, as the

---

[4] In *Smith v. Jeppsen*, the Colorado Supreme Court held the trial court properly applied the collateral source rule pre-verdict. 277 P.3d 224, 228 (Colo. 2012) (citing Colo. Rev. Stat. § 10-1-135). But this pre-verdict subsection applies when a party seeks to exclude evidence that the plaintiff already recovered his loss from the collateral source. Colo. Rev. Stat. § 10-1-135. Here, Defendant does not ask the Court to exclude any evidence. Indeed, Defendant argues the collateral source rule does not apply. [#80 at 7-11] Thus, the determination regarding whether the collateral source rule applies and whether or not there should be a reduction by the court in any judgment for Plaintiff should be made after a jury verdict. *See Walters*, 2007 WL 3090766, at *3.

trier of fact, to determine the amount of damages that would fairly compensate [the plaintiff] and the jury has wide discretion in making that determination") (citing *Bennett v. Longacre*, 774 F.2d 1024, 1028 (10th Cir.1985)); *EEOC v. R.R. Donnelly & Sons Co.*, No. 01 C 4218, 2002 WL 1750946, at *4 (N.D. Ill. July 29, 2002) ("[T]he determination of damages is, at least in the first instance, for the jury. [Defendant] has cited no authority permitting the Court, without hearing all the evidence . . . to set the outer limits of damages before trial.").

As another court in this district explained, Defendant is, "in essence, seeking an impermissible advisory opinion as to a post-verdict ruling." *Walters*, 2007 WL 3090766. But the determination of law that Defendant seeks becomes wholly unnecessary if the jury finds for Defendant on the issue of liability. Accordingly, Defendant's Motion is **DENIED** and any determination of whether Plaintiff's damages should be reduced by the discounts he received will be made post-trial, if necessary.

### III. CONCLUSION

For the foregoing reasons, Defendant's Partial Motion for Summary Judgment [#80] is **DENIED**.

DATED: January 29, 2025

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge